Fuld, J.
Vito Campanelli died in 1953 as a result of injuries received, while working on his job, through the negligence of others not in the same employ. His widow, respondent herein, took compensation and, in addition, as the law permits, instituted a third-party action against those responsible. She obtained a judgment of $150,000, but this was reduced by the Appellate Division to $105,000 (Campanelli v. Kretzer & Son, 1 A D 2d 1025) and was thereafter settled in that amount while a further appeal was pending to this court.
Following this disposition, the widow brought a proceeding in the Surrogate’s Court for approval of the ‘ ' compromise settlement ” — in which her share proved to be $25,987.67. Some $5,000 in funeral expenses and compensation benefits had already been paid by the carrier and in her petition the widow acknowledged that it had a lien for such sum against the proceeds of the recovery in the law action. The carrier, however, objected to the settlement upon the ground that the widow had failed to include, as an estimated lien against her own share, an amount which it might be required by the Workmen’s Compensation Board to advance, as “ deficiency compensation ”, to cover possible future payments to her. In order to permit immediate distribution of the recovery in the third-party action, the Surrogate approved the settlement, reserving decision on *175 the carrier’s objection until the board had made a final determination with respect to the award of death benefits. In so doing, he directed the widow to retain out of her share of the' recovery a specified sum to satisfy the carrier’s possible lien for deficiency compensation.
The board thereafter made an award to the widow of death benefits at stated weekly rates; decided that her net third-party recovery of $25,987.67 entitled the carrier, on the basis of her life expectancy and the likelihood of remarriage, to suspend payments of compensation benefits to her from June 16,1956 to July 19, 1982, on which date payments were to be resumed; computed the present value of the unpaid death benefits, representing the “deficiency compensation ”, to be $2,512.15 and directed the carrier to pay that amount into the aggregate trust fund pursuant to section 27 of the Workmen’s Compensation Law. After the carrier made the payment, it applied to the Surrogate’s Court for reimbursement. The Surrogate denied the application, the Appellate Division unanimously affirmed, and we granted leave to appeal.
Section 27 provides for the creation of an aggregate trust fund into which an employer or carrier may, or in instances such as the present must, pay a lump sum to cover all future “ periodical payments ” of death benefits. It calls upon the board to compute the present value of those benefits and ‘ ‘ require payment of such amount into the aggregate trust fund ” together with a sum to cover administrative expenses. The same section also provides for a waiting period to permit the termination of a possible third-party suit, the crediting of any third-party recovery to the award and the computation of any deficiency to be paid into the fund. Upon the making of such payment, it is explicitly stated, the employer or carrier is “ discharged from any further liability for payment of such death benefits or other compensation ” (§ 27, subd. 3). The fund assumes full responsibility for any further payments to the widow if the amount deposited proves inadequate. If the fund is the loser in such cases—if, for instance, the widow lives beyond her life expectancy—it gains in other eases where the beneficiary dies or remarries before the compensation provided for is paid out.
*176 To support its contention that it has a lien for the $2,512.15 against the widow’s share of the recovery, the carrier maintains that section 27 must be read together with section 29. Subdivision 1 of section 29, after sanctioning a third-party action by the representatives of the deceased employee, recites that the carrier “ shall have a lien on the proceeds of any recovery ” to the “ extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case ”, and subdivision 4 likewise speaks in terms of “ estimated ” compensation. In view of these provisions, the carrier urges, it is entitled to obtain from the widow’s $25,000 recovery the $2,512.15 which it was required by section 27 to pay into the aggregate trust fund to cover possible payments accruing after 1982.
Whether a literal reading of section 29 would permit the construction sought by the carrier, it is manifest that to construe the statute so as to require reimbursement of the carrier for all compensation benefits, both past and estimated future ones, would do violence to the very design and purpose underlying the statute (Workmen’s Compensation Law, §§ 16, 27).
If there is no third-party action recovery, a carrier stands responsible for the full amount of the death benefits to be paid to the widow. If there is a recovery, and it is sufficient to take care of the widow until her death or remarriage, as determined by the applicable mortality and remarriage tables (Workmen’s Compensation Law, § 16), then, it need pay no death benefits at all. If, however, the recovery is not sufficient for such purpose, the carrier must pay the difference. In the case before us, this means that, after the period of time has passed which it would, take to use up the widow’s $25,000, the carrier again becomes responsible for weekly payments to the widow. This responsibility it may discharge, as indicated, by the payment of a designated amount of “deficiency compensation” into the aggregate trust fund. It is obvious, though, that, if such deficiency compensation were deducted from the widow’s $25,000 recovery, that sum would not last until 1982; it would necessarily be used up in a correspondingly shorter period and additional deficiency compensation would be required. If this too were to be deducted from the proceeds, still further compensation would be needed and, if the carrier’s argument were sound, *177 the process would have to be repeated again and again. Such an unreasonable result could not possibly have been within the legislative design. As the Surrogate aptly observed in the course of his thoughtful and comprehensive opinion, " To allow the carrier to recoup the amount paid into the special fund out of a recovery in a third-party action would transfer this possible future burden to the very beneficiary whom the deposit by the carrier was intended to benefit.”
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke and Foster concur; Judge Froessel concurs in result only.
Order affirmed.